C. G. CONN COMPANY, Plaintiff in Error, v. C. C. ORR et al., Defendants in Error.

Springfield Court of Appeals, December 6, 1909.

1. APPELLATE PRACTICE: Abstracts: Motion Challenging Abstract Must Be Specific. A motion to quash a writ of error and affirm a judgment on account of insufficiency of the abstract of plaintiff in error must specifically point out in what such insufficiency consists.

2. ————: Index to Abstract. The rule requiring an index to an abstract is as imperative as the one requiring an abstract.

Error to Jasper Circuit Court.—*Hon. Haywood Scott, Judge.*

Reset.

*Thos. J. Roney* for plaintiff in error.

*M. R. Lively* for defendants in error.

NIXON, P. J.—Defendants in error filed a motion herein challenging the sufficiency of the abstract of the record, filed by the plaintiff in error, under the rules of

this court, and asking that the writ of error be quashed and judgment affirmed for the failure of plaintiff in error to comply with said rules.

Rule 15 provides that abstracts shall be paged and have a complete index at the end thereof, and shall set forth so much of the record as is necessary for a full and complete understanding of all the questions presented to this court for decision.

Rule 14 provides that if respondent desires to file a further or additional abstract, he shall deliver appellant a copy thereof.

The motion to dismiss and affirm the judgment below should show upon its face not only the insufficiency of the abstract, but should specifically point out in what such insufficiency consists. In this case, the motion fails to call out attention specifically to the objections of the defendants in error to the abstract. The failure of the plaintiff in error to have a complete index at the end of the abstract is a disregard of and a failure to comply with the rules which is apparent upon a mere inspection. The rule is as imperative in requiring the index as in requiring the abstract, and the penalty follows the one as well as the other. But we cannot pass upon the sufficiency of the abstract until its alleged defects are specifically pointed out. The case will accordingly be continued and will be reset for the March term of this court. [Garrett v. The Kansas City Coal Mining Co., 111 Mo. loc. cit. 282.] All concur.